## SCOTT v. M'CRARY.

1. A justice of the peace is competent to prove his warrant and pro-
ceedings by their production and his oath.
2. A discharge from a prosecution on a warrant made by two justices,
may be proved by the production of the warrant and judgement,
and by the oath of one justice only, though the judgement was given
by both.

THIS was an action on the case brought by M'Crary,
in the County Court of Lawrence county, against Scott,
for the recovery of damages for a malicious prosecution
instituted by Scott before a justice of the peace, against
him for felony:  A trial was had on the plea of not
guilty, and a verdict was found for the plaintiff for $154
damages.

On the trial in the County Court, the defendant ten-
dered three bills of exceptions to the decisions of the
Court.  The first states that the plaintiff below offered
the original warrant issued by the justice against M'Crary,

for horse stealing, which was proved by the oath of the justice, to have been issued by him as justice, &c in the defendant below objected to this incompetent testimony, which objection the Court overruled. Also, that the plaintiff offered in evidence, a writing which was on the opposite side of the paper, containing the warrant, and is as follows: " State of Alabama, Lawrence county, June 13, 1825, to wit: This day Jesse Scott, plaintiff, and Allen M'Crary, defendant, appeared, and the defendant pleaded not guilty. This defence being heard, and the witnesses on both parts being fully examined, judgement is given that the defendant is not guilty in manner and form as is alleged; he therefore is discharged by us. ANDREW KEISER, J. P. WM. MOORE, J. P."

Andrew Keiser was the justice who issued the warrant, and he proved that this discharge was signed by himself and Moore, the other justice. The defendant objected also to the introduction of this writing, thus proved on the gound that the writing on its *face* did not purport to be a discharge and acquittal of the *offence mentioned in the declaration*; which objection was overruled and it was read.

The second bill of exceptions states that, after the writing in the first bill mentioned was read to the jury, the plaintiff offered to prove by said Keiser, that he had written said writing with the intention of its being an acquittal and discharge of the plaintiff of the offence for which the warrant mentioned in the plaintiff's declaration had issued. The defendant objected on the ground: 1st. That it was an addition and explanation of the writing by verbal testimony; and 2nd. That if explainable by parol, it must also be explained by the justice Moore, (who was not present) to make it legal evidence, as his intention must also appear; that the defendant also moved to exclude the said writing from the jury, because not proved by the justice, Moore, to be also signed and assented to by him. But the Court overruled all those objections and admitted the testimony.

The third bill of exceptions stated that, to prove express malice in the defendant, the plaintiff offered to prove by a witness, that in a conversation which took place after the commencement of the suit, in relation to the offence mentioned in the declaration, that the defendant said " that he was mad when he procured the warrant

mentioned in the plaintiff's declaration, and that the
treatment he had received from the plaintiff was enough
to have made any person angry;" that said evidence was
objected to by the defendant, and the objection was over-
ruled by the Court.

The defendant, Scott, brought the cause to this Court,
and assigned for error, the several decisions of the Court
below, as stated in those three bills of exceptions.

M'KINLEY and HOPKINS, for the plaintiff in error.

ORMOND, for the defendant.

JUDGE GAYLE delivered the opinion of the Court.

IN these proceedings there is but one question present-
ed for the consideration of the Court, and that is, whether
it is competent for the magistrate to prove the warrant, and
the order of acquittal and discharge. The decision of this
question will embrace all the points raised by the assign-
ments of error. The proceedings in this case must
either be considered as records, or placed upon the foot-
ing of written evidence of less dignity. If the former,
then the evidence of the justice could have no effect,
and if the latter, no reason can be perceived for its exclu-
sion. A witness is competent to give evidence if he be
not interested in the event of the suit, or is not under
some other legal disability, such as insanity, ignorance
of the obligations of an oath, and the like. If the maker
of any written instrument would, in any case, be compe-
tent to prove its execution, it cannot be perceived why a
justice would not be permitted to prove his own warrants
when such proof is necessary. This view of the sub-
ject will as well apply to the endorsement which states
the acquittal and discharge of the defendant in error as
to the warrant. The circumstance of the discharge being
signed by another justice, cannot alter the case. Like
one of several makers of an instrument, or of several
attesting witnesses, he is admissible to prove the execu-
tion, though the others be absent.

But it seems that the justice was also allowed to prove
the meaning and intention of the endorsement. This, it is
contended, is opposed by all the rules of construing
written testimony. It is not necessary here to examine
the force of this objection. It is very apparent that no
explanation was necessary. The circumstance of the pro-
secutor being called plaintiff, cannot and does not ob-

scure or render doubtful the order of discharge. It would require not a small degree of incredulity, to suppose the endorsement on the other warrant was intended to be applied to any other case or prosecution than that contained in the warrant itself.

It is the opinion of the Court that the judgement of the Circuit Court was correct, and it is therefore affirmed.